IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MARROW-EL, #120-356,      *
      Petitioner

                                 *

      v.                          CIVIL ACTION NO.  JFM-05-2634

                                 *

WILLIAM L. WILLIAMS, et al.,
      Respondents         *

                         ******

## **MEMORANDUM**

On September 21, 2005,[1] petitioner William Marrow-El filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1972 convictions for murder and robbery with a deadly weapon entered against him by what is now known as the Circuit Court for Baltimore City.  Paper No. 1.   On October 28, 2005, respondents filed an Answer to petitioner's application for habeas relief solely addressing the timeliness of the application.[2] Paper No. 3.  Pursuant to this court's Order of November 9, 2005, petitioner was granted an opportunity to reply as to whether the petition was filed within the proper time frame or explaining why the petition should not be dismissed as untimely. Paper No. 4.  The court is in receipt of petitioner's reply.  Paper No. 6.  For the reasons that follow, the petition will be dismissed as time barred  under 28 U.S.C. § 2244(d).

A jury convicted Petitioner of first degree murder, second degree murder, and robbery with a deadly weapon on January 14, 1972.  Paper No. 3, Ex. 1.  Petitioner timely noted an appeal.  The Court of Special Appeals of Maryland vacated the second degree murder conviction but affirmed the remaining convictions.  *Id.*, Ex. 1 and 2.   Petitioner sought certiorari review in the Court of Appeals of Maryland, which was denied on May 31, 1973.  *Id.*

---

[1]The court observes that the petition is dated September 7, 2005.  Under the  "prison mailbox" rule set out in *Houston v. Lack*, 487 U.S. 266 (1988).  The petition shall be deemed to have been filed on that date.

[2]Petitioner has been provided copies of all exhibits attached to the Answer.  Paper No. 5.

Between March, 1977, and April, 1996, Petitioner filed seven petitions for post conviction relief in the Circuit Court for Baltimore City. Each was denied or dismissed. *Id.* On November 7, 1996, Petitioner's seventh post conviction petition was dismissed by the Honorable Robert I.H. Hammerman, who noted that petitioner had already exhausted the number of post conviction petitions he was entitled to file under the revised Maryland Post Conviction Procedure Act. *Id.*, Ex. 2, Paper No. 1, Ex. 11.

Thereafter, Petitioner attempted to challenge his conviction by filing in the Circuit Court for Baltimore City  a petition for wit of error coram nobis and a motion to correct illegal sentence. *Id.*, Ex. 1.  The motion for writ of error coram nobis was denied on November 29, 1999.  Petitioner did not appeal.  *Id.*  Denial of the  motion to correct illegal sentence was upheld on appeal. *Id.* Petitioner states that on December 21, 2004, he filed another motion to correct an illegal sentence which remains pending in the Circuit Court for Baltimore City. Paper No. 6.

On April 24, 1996,  President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law.  Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court.  28 U.S.C. § 2244(d).[3]   Although the statute is silent as to how it should be applied to persons such as petitioner

---

[3]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by

whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court.  *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).  This one year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2). *See also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final in 1973.  *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202.  Between November 12, 1996,  and September 7, 2005, petitioner had no post conviction or other proceedings pending which would have served to toll the one year limitation period.[4]  *See* 28 U.S.C. § 2244(d)(2). Accordingly, this petition, filed nearly nine years after the conclusion of state post conviction proceedings, is untimely.

In his reply, petitioner asks that the statute of limitation be equitably tolled.  He notes that since his return to Maryland custody he has diligently and persistently sought review of his

_____

such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4]Even if the petition for writ of error coram nobis, filed by petitioner on January 21, 1999, and dismissed by the Circuit Court for Baltimore City on November 29, 1999, were deemed to toll the limitations period, the instant proceedings would still be untimely, as the period tolled would only amount to ten months.

Maryland convictions.  In 1983,  petitioner filed a petition for habeas corpus relief with this court.  *See Marrow-el v. Gluckstein*, Civil Action No. Y-83-334.    The petition was dismissed, without prejudice, for failure to exhaust state court remedies.   In dismissing the petition, the Honorable Joseph H. Young directed petitioner to pursue his claim regarding the violation of his Fifth Amendment Right during his custodial interrogation via state post conviction proceedings.  *See Marrow-el v. Gluckstein*, Civil Action No. Y-83-334; Paper No. 1, Ex. 1.  Petitioner was further advised that "If the Maryland Court arrives at a determination adverse to petitioner, he may of course seek then habeas corpus relief in this Court."  *Id*.  Petitioner erroneously maintains that based on this language, there was no time limit placed on his "return to federal court."  Paper No. 6.

In response to the dismissal of his federal claim by Judge Young, petitioner sought post conviction relief in Maryland state court.  This petition for post conviction relief was denied on October 6, 1983.  Paper No. 1, Ex. 3.  Petitioner states that he did not file an appeal as he was still incarcerated in a federal prison in Leavenworth, Kansas.  Paper No. 6.  Petitioner returned to Maryland custody in February of 1989. *Id.*   Between 1989 and 1996, petitioner filed six petitions for post conviction relief in the Circuit Court for Baltimore City.  Paper No. 3, Ex. 1.  Petitioner concedes that "on November 7, 1996 all access to Post Conviction remedies were curtailed by Chief Judge Hammerman." *Id*.  He argues, however, that he further attempted to exhaust state court remedies, as he understood them, by filing petitions for writ of error coram nobis and motions to correct illegal sentence in the state court.   As further excuse for his untimely filing, petitioner offers that during the intervening years he has attempted to secure legal representation to no avail and that he is not schooled in the law.  *Id.*

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a

statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  The question of whether equitable tolling applies hinges on the facts and circumstances of each   particular case. *Id.,* at 330, quoting   *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).   Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the defendant's  acts prevent the plaintiff from asserting the claim, or  where extraordinary circumstances, beyond the plaintiff's control, prevent plaintiff from filing a timely claim. *Id*., quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996).

The delay in filing this case, after petitioner was aware that all further state post conviction review was foreclosed, was caused solely by plaintiff and not by any factor outside of his control. That plaintiff may have continued pursuing his claims in state court, believing that such filings were necessary to fully exhaust his state court remedies provides him no relief.  Courts are reluctant to find that a lack of  notice of the AEDPA, or ignorance of the law in general, excuse a late filing.  *See Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").

Equitable tolling of the federal habeas limitation period is available only when the principle of equity would make the rigid application of a limitation period unfair.  Equity is not available, however,  to a party who fails to act with diligence. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").  Petitioner is not a novice litigator, yet he has failed to adequately explain why he continued to press his case in state court when he had been advised that post conviction relief was no longer available.  The order of the Circuit Court for Baltimore City

foreclosing further post conviction review was entered on November 7, 1996,   yet plaintiff waited until September 7, 2005, to file his federal petition.

A review of the record before the court, as well as petitioner's own admission, reveals that petitioner has presented the identical claims to this court as he presented in his petitions for state post conviction relief and his prior filing in this court.  As such, it is clear that  petitioner did not need to engage in further factual or legal research prior to the submission of his federal petition. While petitioner may have diligently pursued his state court remedies, he has not demonstrated that he diligently pursued his remedies in this court.

Lastly, petitioner asks that his late filing be excused because he suffers from Post Traumatic Stress Disorder ("PTSD") as a result of his service in the United States Marines during the Vietnam War. Paper No. 6.   Petitioner states that he was diagnosed with PTSD in 1988.  He states that he received forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from the Clerk's Office on April 18, 2002, but was not able to complete the petition until September 1, 2005, because of his "depression."  Paper No. 6.

A number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period.  *See Nara v. Frank*, 264 F.3d 310, 320 (3[d] Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Calderon v. United States Dist. Court for the Central Dist.*, 163 F.3d 530, 541 (9th Cir.1998). Petitioner does not indicate that was found mentally incompetent.  He identifies his mental deficiencies, but cannot show that his condition was so severe as to seriously affect his ability to pursue his legal rights during the relevant time period.  *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 169-70 (S.D. N.Y. 2000).   Petitioner fails to explain why, despite his PTSD and depression, he was

able to complete and file petitions for writ of error coram nobis and motions to vacate illegal sentence in state court during the relevant time period but was unable to complete his federal habeas petition which raises the identical claims. Petitioner has offered no evidence that any mental incompetence precluded him from pursuing his federal claim in a timely manner.

In sum, petitioner has failed to meet his burden of proof to justify equitable tolling by showing that "circumstances beyond his control" prevented him from filing a timely petition. Accordingly, a separate Order will be entered denying the petition as time barred under 28 U.S.C. § 2244(d).

<u>December 22, 2005</u>                /s/_____
 Date                            J. Frederick Motz
                               United States District Judge